UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARION WILCHER JR.,                                                         **DOCKET NO: CV-24-5428**

                      Plaintiff,

           -against-

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, DETECTIVE
JAMES B. SCHMETTAN (in his individual                                       **COMPLAINT**
and official capacity), SERGEANT BRIAN J.
REITAN (in his individual and official capacity),
"DETECTIVES JANE AND JOHN DOES 1-10"
(individually and in their official capacities)

                  Defendants.                             ***Jury Trial is Demanded***
------------------------------------------------------------------------X

PLAINTIFF **MARION WILCHER JR.**, by and through his attorneys, THE LAW OFFICES OF FREDERICK K. BREWINGTON, as and for the following Complaint against the Defendants, respectfully sets forth and alleges as follows:

### PRELIMINARY STATEMENT

1. This is a civil action seeking actual, compensatory, consequential, exemplary, punitive, and special damages, disbursements, cost and fees, and any further relief as the court may deem just and proper for violations of Plaintiff's rights, brought pursuant to 42 U.S.C. §1983, and the Fourth, Fifth and Fourteenth Amendment of the United States Constitution, providing relief from the above-captioned Defendants' unlawful, malicious prosecution against Plaintiff, committed under color of law and depriving Plaintiff of rights secured by the U.S. Constitution, the laws of the United States, and the State of New York.

2. Plaintiff asserts that Defendants (collectively and individually) negligently, recklessly, carelessly, callously, knowingly, willfully, wantonly, intentionally, and purposefully sought to and did wrongfully harm Plaintiff and deprive him of rights secured by the laws of the United States, the Constitution of the State of New York and laws of the State of New York.

3. Specifically, Plaintiff alleges that on or about March 2, 2021 and on or about March 5, 2021, Defendants (collectively and individually) subjected him to an unlawful search, a seizure without probable cause, coercive tactics predicating involuntary admissions, and initiated malicious prosecution of felony charges against Plaintiff on March 5, 2021 for a shooting that took place on or about November 27, 2020. Plaintiff remained in custody until released on bond on March 12, 2021. Ultimately, the Nassau County Court judge, Honorable Meryl Berkowitz, dismissed the criminal charges against Plaintiff on August 18, 2021.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendment of the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 and the aforementioned statutory and constitutional provisions.

5. Venue in the Eastern District of New York is proper under 28 U.S.C. §1391 because the place where the unlawful acts under the color of law complained of herein occurred in the County of Nassau.

## PARTIES

6. Plaintiff Marion Wilcher Jr. (Hereinafter "Mr. Wilcher" or "Plaintiff") is a resident of the United States residing in the State of New York and the County of Nassau.

7. Defendant County of Nassau (hereinafter "Defendant County") is a duly constituted municipal corporation of the State of New York and is and was the employer of the Nassau County Police Department and its officers, detectives, agents, and employees involved herein at the times relevant to this complaint.

8. Defendant Nassau County Police Department (hereinafter "Defendant NCPD") is an agency of the County of Nassau and is and was an entity/agency and employer of the police officers, detectives, agents, and/or employees involved herein at the times relevant to this complaint.

9. Defendant Detective James B. Schmettan (hereinafter "Defendant Schmettan") was at the times relevant to this Complaint a member, agent, and/or employee of Defendant County and Defendant NCPD as a Police Officer or Detective.

10. Defendant Sergeant Brian J. Reitan (hereinafter, "Defendant Reitan") was at the times relevant to this Complaint a member, agent, and/or employee of Defendant County and Defendant NCPD as a Police Officer, Detective, or Sergeant.

11. Defendants "Detectives Jane and John Does 1-10" (hereinafter "Defendants Jane and John Does 1-10'") were at the times relevant to this Complaint members, agents, and/or employees of Defendant County and Defendant NCPD as Police Officers, Detectives, or Sergeants.

12. During all times mentioned in this complaint, Defendants were acting under color of law, to wit, under color of the Constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the City of New York and/or the Town/County of Nassau.

13. During all times mentioned in this Complaint, Defendants, separately and in concert, engaged in acts and omissions which constituted deprivation of constitutional rights, privileges and

immunities of Plaintff, and while these acts were carried out under color of law, they had no justification or excuse in law, and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

## STATEMENTS OF FACTS

14. On or about November 27, 2020, Mr. Marion Wilcher Jr., was engaging in conversation with his girlfriend and her cousin after sunset in Roosevelt, Long Island. They were across the street from the Roosevelt Public Library when a shooting took place within the vicinity.

15. An unknown shooter shot an unknown person on Nassau Road, causing panic in the area. Fortunately, neither Mr. Wilcher nor his girlfriend were injured, though someone was victimized and injured.

16. Mr. Wilcher had nothing to do with any discharge of firearms on the date of this incident and had no knowledge as to who was responsible for the discharge.

17. At the time of this incident, Mr. Wilcher, who was 40 years old, worked as a Coordinator at the Family and Children's Association (hereinafter "F.C.A.") located in Garden City. F.C.A., established in 1884, is a not-for-profit organization that provides help and hope to Long Island's most vulnerable families, children, seniors, individuals, and communities.

18. Mr. Wilcher served as Coordinator of the evidence-based violence reduction initiative S.N.U.G ("Should Never Use Guns" ['guns' spelled backwards]) program. S.N.U.G. is a project with F.C.A., which collaborates with community groups, serving individuals aged 12 to 25 who are either current or former gang members or who have gun-related criminal histories in order to combat gun violence.

19. On or about March 2, 2021, about three months later, Mr. Wilcher finished his shift at the F.C.A. and headed to his home located in Roosevelt, New York.

20. While lawfully parked outside his home in his legally compliant motor vehicle, Mr. Wilcher was approached by two men in an unmarked car who identified themselves as detectives. The two men, now known as Defendant Schmettan and Defendant Reitan, proceeded to question Mr. Wilcher about where he was coming from. Mr. Wilcher openly and candidly informed Defendant Schmettan and Defendant Reitan that he had just finished work, as he was still clad in his work uniform, which bore the F.C.A insignia.

21. Defendant Schmettan and Defendant Reitan then inquired if Mr. Wilcher possessed a firearm, to which he replied in the affirmative.[1] With his consent, the Defendant Schmettan and Defendant Reitan then proceeded to search his car.

22. Mr. Wilcher was ordered to exit the car while the Defendant Schmettan and Defendant Reitan searched his vehicle. After Mr. Wilcher asked if he could leave to go home to his family Defendant Schmettan and Defendant Reitan said, "no" and ordered Mr. Wilcher to place his phone on the roof panel of the car.

23. While Mr. Wilcher's phone was resting on the car's roof pane, it began to ring, and Defendant Schmettan and Defendant Reitan denied Mr. Wilcher the opportunity to answer the call. Ultimately, the search of the car resulted in no finding of any illegal or improper items.

24. After the detectives searched Mr. Wilcher's car, only then did they request his identification, to which Mr. Wilcher promptly complied. Following the exchange, Defendant

---

[1] At the time, Mr. Wilcher was duly licensed by the County of Nassau to own and possess a firearm.

Schmettan and Defendant Reitan departed without explanation nor apology. Upon leaving, they returned his identification.

25. On March 5, 2021, a few days later, Mr. Wilcher was approached by Defendant Schmettan and Defendant Reitan while he was browsing merchandise at a spirits shop. They stated, "We need to discuss a shooting incident that occurred after Thanksgiving." Mr. Wilcher responded that he had no information about the event and firmly requested that the two men cease their questioning and leave him alone.

26. Defendant Schmettan and Defendant Reitan did not leave him alone. Instead, they proceeded to cuff Mr. Wilcher, and one of the men stated, "If you're not going to help us help you, then you will be charged with these charges." Mr. Wilcher questioned the detectives, inquiring about the nature of these charges. However, none of his questions were answered.

27. Defendant Schmettan and Defendant Reitan then made several comments to Mr. Wilcher, including: "if you're not guilty, your name will be cleared, if you are guilty, you're going through the system and you are going down!" Subsequently, both of the detectives admitted that the did not have reasonable cause to seize, charge, or initiate prosecution against Mr. Wilcher.

28. Clearly aware of Mr. Wilcher's innocence, Defendant Schmettan and Defendant Reitan then falsely promised that they would vouch for Mr. Wilcher, saying, "If you're not guilty, I'll be the first one to march into your job and tell them that it was a misunderstanding."

29. Defendant Schmettan and Defendant Reitan then placed Mr. Wilcher in the back of their car and transported him initially to police headquarters in Mineola for fingerprinting and photos before proceeding to the First Precinct of Nassau County, where they questioned Mr. Wilcher for about three (3) to four (4) hours.

30.  Mr. Wilcher was held in custody until the next day when he was arraigned in Mineola on March 6, 2021 and pleaded not guilty. At arraignment, as part of the malicious prosecution, it was ordered that he remain in custody until his next court date. Originally scheduled for Tuesday, March 9, 2021, the court date was subsequently rescheduled to Friday, March 12, 2021.

31.  On Friday, March 12, 2021, Mr. Wilcher appeared before the Court and was assigned Joe Piccilo, Esq. as his counsel through the 18B Appointment Counsel Panel.

32.  Mr. Wilcher's bail was set at ten-thousand ($10,000) dollars, which, through great effort, he successfully posted.

33.  From March to August of 2021, Mr. Wilcher was required to appear in court numerous times and was not able to enjoy full liberty as he had bail restrictions and was under the jurisdiction of the Court at all times.

34.  Upon being arrested, Mr. Wilcher was terminated from his job with F.C.A.. He lost substantial income as a result of the termination, which seriously harmed Mr. Wilcher as he became incapable of paying his bills, including the rent for his apartment and the payments for his 2008 Toyota Camry.

35.  On August 18, 2021, about six (6) months later, the Nassau County Court judge, the Honorable Meryl Berkowitz, ultimately dismissed the criminal charges against him pursuant to section 160.60 of the Criminal Procedure Law and rendering Plaintiff not guilty of the crimes charges.

36.  One-thousand and eighty days (1,080) after Mr. Wilcher was not found to be guilty on August 18, 2021, he remains without the promised voucher that Defendants assured he would

receive upon such a finding. That pledge and promise – "If you're not guilty, I'll be the first one to march into your job and tell them that it was a misunderstanding"– remains unhonored as they never contacted Mr. Wilcher's then-place of employment to clear up the "misunderstanding."

## AS AND FOR A FIRST CAUSE OF ACTION
## 42 U.S.C. § 1983 - MALICIOUS PROSECUTION

37.     Plaintiff repeats, reiterates, and realleges the allegations set forth in paragraphs 1 though 36 of this Complaint with the same force and effect as though fully set forth herein.

38.     Defendants, separately and in concert, lacked reasonable suspicion to stop and detain Plaintiff, and further lacked reasonable and/or probable cause to arrest or charge him and subject him to prolonged custody. Plaintiff was questioned for three (3) to four (4) hours during the time he was searched and kept in custody from March 5, 2021 to March 6, 2021, and the jailed for seven days in Nassau County jail.

39.     Without such probable cause and/or reasonable suspicion, Defendants wrongfully charged, prosecuted, and detained Plaintiff and wrongfully prosecuted him. During this time, Plaintiff was physically prevented from leaving the custody in which he was kept and remained under the supervision and knowledge of Defendants without access to his freedom, family, privacy, comfort of home, autonomy, cultural and religious routine, property, and peace. The continuation of the charges and prosecution of Plaintiff was clearly unsupported by any evidence and was lacking in probable cause and/or reasonable suspicion.

40.     The malicious prosecution and other wrongful acts conducted against Plaintiff by Defendants constituted violations of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights. Defendants' negligent, reckless, careless, callous, knowing, willful, wanton, intentional, and purposeful behavior, breached their duty under 42 U.S.C. §1983.

8

41. The continued action taken by Defendants to prosecute, harass, distress, and fully inconvenience Plaintiff with false criminal charges was malicious, in that Defendants used the courts and judicial process to harass, intimidate, inconvenience and further damage Plaintiff, despite no significant evidence for prosecuting the baseless charges of PL 110/125.25(1) attempted murder in the second degree with intent to cause death, with a maximum sentence of twenty-five (25) years; PL 265.03(1)(b) criminal possession of a weapon in the second degree: loaded firearm, with a maximum sentence of fifteen (15) years; PL 265.03(3) attempted assault in the first degree: with intent to cause serious injury with a weapon with a maximum sentence of twenty-five (25) years; and PL 201.05(5) assault in the second degree with intent to cause physical injury with a weapon, with a maximum sentence of seven (7) years. All of these charges, together, total almost double Plaintiff's then-forty years of age, resulting in imminent death by incarceration.

42. Each of the Defendants willfully engaged in the pressing of and pursuit of the false charges against Plaintiff and did so knowing that Plaintiff had committed no crime and was not involved in the incident for which they were charging him.

43. Each of the Defendants knew that Plaintiff had not engaged in any unlawful or criminal activity. Each of the Defendants initiated, supported, and continued the criminal charges and proceedings against Mr. Wilcher with no consideration for the harm they were actually causing.

43. The charges were dismissed and terminated in Mr. Wilcher's favor on August 18, 2021, saving him from a wrongful, incarceral fatality.

44. Defendant Schmettan, Defendant Reitan, and Defendants Jane and John Does 1-10 acted with malice and a reckless disregard for the truth and the foreseeable harm to be caused to Plaintiff.

45. Defendant Schmettan, Defendant Reitan, and Defendants Jane and John Does 1-10 had no desire to discern if Mr. Wilcher was actually guilty of any charge. Instead, they decided to pin this criminal action on him with no basis that would serve the end of justice once they learned that Mr. Wilcher owned a gun.

46. Defendants lacked probable cause, and in fact, had evidence in their possession that proved Mr. Wilcher's innocence.

47. As clearly shown by belatedly disclosed surveillance footage that was withheld by Defendants for an unreasonable amount of time, screen-stamped November 27, 2020, Mr. Wilcher is seen turning his body away from an unknown individual to continue his engagement with his girlfriend in the vehicle at the time an unknown individual stumbles backwards. At no point in the surveillance video does it show Plaintiff withdraw, let alone, possess, a firearm.

48. Defendant Schmettan, Defendant Reitan, and Defendants Jane and John Does 1-10, upon information and belief, recommended that Mr. Wilcher be held on bail and knew that his freedom and liberty would be restrained due to their prosecution of him.

49. As a result of said malicious prosecution, by direct cause of Defendants, Plaintiff was plagued by a series of disastrous tragedies, including, but not limited to, workplace termination, extreme loss of income, acute emotional distress, fixed, melancholic dispositions, degraded existence, decreased life-satisfaction, loss of familial honor, erosion of familial respect, criminal record, financial impairment, degradation of social standing, loss of public respect, ultimate humiliation, intense harassment, loss of liberty, corroded self-esteem, corroded self-respect, and the infringement of his rights guaranteed to them under the U.S. Constitution, among an abundance of other catastrophic setbacks not fully articulated herein.

50. That by reason of the foregoing, Plaintiff has been damaged in the excess of Five Million ($5,000,000) Dollars, including attorneys fees pursuant to 42 U.S.C. § 1988 as well as punitive damages against the individual Defendants..

## AS AND FOR A SECOND CAUSE OF ACTION
## 42 U.S.C. § 1983 - FABRICATION OF EVIDENCE

51. PLAINTIFF repeats, reiterates, and realleges the allegations set forth in paragraphs 1 through 50 of this complaint with the same force and effect as though fully set forth herein.

52. Upon information and belief, Defendants took an active role in creating, crafting, and manufacturing the false narratives and false allegations made against Plaintiff in an intentional attempt to mask and coverup their failed efforts to find the true perpetrator of the shooting that occurred on or around November 27, 2020 and dishonestly, wrongfully, and falsely used Plaintiff as a scapegoat and charged Plaintiff to justify their actions and abuses of Plaintiff. Defendants abused the Legal system and process for their own benefit and self interest, including, but not limited to, allowing the false charges to be brought against Plaintiff, who they knew was innocent and to further their opportunistic endeavors of ladder-climbing in their careers and piling on overtime payment. As demonstrated by, for instance, Defendant Schmettan, Defendant Reitan, and Defendants Jane and John Does 1-10's statement on or about March 5, 2021: "If you're not going to help us... then you will be charged." With the complicity of Defendant County and Defendant NCPD, Defendants maliciously prosecuted Plaintiff using fabricated and false evidence and figmented and manufactured narratives.

53. Defendants knew at the time of Plaintiff's arrest, and at all times after, that they were not in possession of any evidence consistent with and sufficient to establish his guilt and were based solely, or in part, on Defendants' disregard and violative actions done to deprive Plaintiff of his right

to freedom and to dub him as a criminal by scapegoating Plaintiff and maliciously prosecuting him with fabricated evidence and manufactured narratives furnished by Defendants.

54. Defendants manufactured a story about Plaintiff that they knew was not true and for which they had no factual, scientific, or legal support.

55. On August 18, 2021, the wrongful charges lodged against Plaintiff were ultimately dismissed. Each of the Defendants, acting under color of law, acted separately and in concert and without authorization of law. Each of the Defendants, separately and in concert with each other, acted negligently, recklessly, carelessly, callously, knowingly, willfully, wantonly, intentionally, and purposefully with specific intent to deprive Plaintiff of his right to freedom from malicious prosecution as a result of fabricated evidence furnished by Defendants. All of these rights are secured to Plaintiff by the provisions of the due process clause of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by 42 U.S.C. § 1983.

56. That by reason of the foregoing, Plaintiff has been been damaged in the excess of Five Million ($5,000,000) Dollars, including attorneys fees pursuant to 42 U.S.C. § 1988 as well as punitive damages against the individual Defendants.

## PRAYER FOR RELIEF

**WHEREFORE,** PLAINTIFF demands judgment against DEFENDANTS:

    a. On the First Cause of Action in excess of Five Million ($5,000,000) Dollars;

    b. On the Second Cause of Action in excess of Five Million ($5,000,000) Dollars;

    c. Punitive damages in the amount of twenty million ($20,000,000.00) dollars;

    d. Injunctive relief, requiring Defendants to correct all past violations of federal

      law as alleged herein; to enjoin Defendants from continuing to violate federal law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal laws;

e.   Award costs of this action including attorney's fees to Plaintiff pursuant to 42 U.S.C. § 1988 and any and all applicable attorney's fees and costs as imposed by state-law;

f.   An order granting such other legal and equitable relief as the court deems just and proper. Other relief as the Court may deem just and proper.

**<u>A JURY TRIAL IS HEREBY DEMANDED</u>**

Dated: Hempstead, NY
       August 2, 2024

                                        LAW OFFICES OF
                                        FREDERICK K. BREWINGTON

                       By:   */s/Frederick K. Brewington*
                                        FREDERICK K. BREWINGTON
                                        Attorney for Plaintiff
                                        556 Peninsula Boulevard
                                        Hempstead, New York 11550
                                        (516) 489-6959